# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DONALD K. MALONE, III,<br>    Plaintiff, | Case No. 1:17-cv-50 |
| vs. | Black, J.<br>Bowman, M.J. |
| RONALD ERDOS, et al.,<br>    Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action under 42 U.S.C. § 1983 against two SOCF correctional officials. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against SOCF's Warden, Ronald Erdos, and SOCF correctional officer Charles Miller. (*See* Doc. 1, Complaint, at PAGEID#: 10). Plaintiff generally claims that the defendants are violating his right to make phone calls to his family, attorney and the courts. (*Id.*, at PAGEID#: 11). Although the complaint contains so many spelling errors that it is difficult to decipher, it appears that plaintiff is alleging that defendant Erdos knows "the SOCF investigator" is spying on plaintiff by putting plaintiff's "voice access into the prison phone system." (*Id.*). As relief, plaintiff requests $100,000 in damages from each defendant. (*Id.*, at PAGEID#: 12).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

As an initial matter, it appears clear from the face of the complaint that plaintiff has not exhausted his administrative remedies. Although exhaustion of administrative remedies need not be specifically pled in the complaint, where it is apparent from the face of the complaint that an

3

inmate has failed to exhaust the prison grievance procedure, dismissal is appropriate on initial review of the complaint for failure to state a claim upon which relief may be granted.  *See Malone v. Mecrosvy*, No. 1:16cv833, 2016 WL 7015832, at *2 (S.D. Ohio Oct. 19, 2016) (Litkovitz, M.J.) (Report & Recommendation) (citing *Gergely v. Warren Corr. Inst.*, No. 1:09cv757, 2009 WL 4597943, at *3 (S.D. Ohio Dec. 3, 2009) (and cases cited therein)), *adopted*, 2016 WL 7015773 (S.D. Ohio Nov. 30, 2016) (Dlott, J.).  In this case, plaintiff has averred in the complaint that he is now "in the first step" of the grievance process.  (*See* Doc. 1, Complaint, at PAGEID#: 9).  In Ohio, prisoners must follow a three-step grievance procedure, beginning at step one with the filing of an "informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint."  *See* Ohio Admin. Code 5120-9-31(K); *see also Troche v. Crabtree*, 814 F.3d 795, 799 (6th Cir. 2016).  Under Ohio Admin. Code 5120-9-31(K), "an inmate is statutorily authorized to proceed to step two of the procedure if he does not receive a response to his informal complaint within a 'reasonable time.'"  *Troche*, 814 F.3d at 800.  In contrast, inmates who do not receive a response at the second step of the process, which involves a notification of grievance to the inspector of institutional services, they are not required before filing suit to proceed to the third step, which involves an appeal to the office of the chief inspector.  *See id.* at 800-01.  Because it appears here that plaintiff still has at least one more step of the grievance procedure to exhaust, the complaint is subject to dismissal at the screening stage.

In any event, the complaint should be dismissed because it lacks sufficient factual content to state an actionable claim under § 1983, which requires a showing of a deprivation by a state actor of "a right secured by the United States Constitution or a federal statute."  *See*

4

*Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Although *pro se* complaints are held to less stringent standards than complaints prepared with the assistance of counsel, *see Erickson*, 551 U.S. at 94, the Court is not required to "conjure up unpleaded facts" that might turn a frivolous claim into . . . one" which, if proven, would entitle him to relief. *See McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988) (internal citation and quotation marks omitted).

    Here, plaintiff has generally claimed that the defendants are spying on him. The only factual allegation plaintiff has made to support that claim is that his "voice access was placed on the prison phone system." That sole conclusory allegation does not suggest that "spying" occurred. In any event, the undersigned is unable to discern from that allegation what each defendant specifically did, or failed to do, that amounted to a violation of plaintiff's rights under the United States Constitution or federal statute. *Cf. United States v. Paul*, 614 F.2d 115, 116 (6th Cir. 1980) (citing *Lanza v. New York*, 370 U.S. 139 (1962)) ("so far as the Fourth Amendment is concerned, jail officials are free to intercept conversations between a prisoner and a visitor"); *Sanders v. Bradley*, No. 94-5341, 1995 WL 27490, at *2 (6th Cir. Jan. 24, 1995) (citing *United States v. Amen*, 831 F.2d 373, 379 (2nd Cir. 1987)) ("the monitoring and taping of an inmate's phone conversations does not violate the inmate's Fourth Amendment rights because prison inmates have no reasonable expectation of privacy in this context"); *Walen v. Embarq Payphone Services, Inc.*, No. 06-14201, 2009 WL 3012351, at *1, *4-5 (E.D. Mich. Sept. 17, 2009) (dismissing prisoner's claim challenging the recording of his phone conversations with his attorney on the ground that it violated his First Amendment right of access to the courts in the absence of any allegation of prejudice to his litigation, and

dismissing Fourth Amendment claim because the inmate, who was warned his calls were subject to monitoring and recording, had no reasonable expectation of privacy in the phone conversations); *see also United States v. Houston*, No. 1:13cr37, 2015 WL 1061971, at *1, *5-8 (E.D. Tenn. Mar. 11, 2015) (and cases cited therein).  The conclusory allegations set forth in the complaint neither give "fair notice" of what plaintiff's claim against each defendant is, or the grounds upon which each such claim rests, nor suffice to state a claim for relief based on "*some* viable legal theory."  *See Erickson*, 551 U.S. at 93; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal citation and quotation marks omitted) (emphasis in original); *see also Twombly*, 550 U.S. at 555.

Accordingly, for the foregoing reasons, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted by this Court.[1]

### IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1, Complaint) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*,

---

[1] It is noted that if the instant Report and Recommendation is adopted by the District Court, it will constitute the third screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) of a complaint filed by the plaintiff.  *See, e.g., Donald K. Malone v. Sergeant D. Mecrosvy, et al.,* No. 1:16-cv-833 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Docs. 12-14) (complaint *sua sponte* dismissed with prejudice on November 30, 2016; *Donald K. Malone v. Justin Hughes, et al.*, No. 1:16-cv-851 (S.D. Ohio) (Dlott, J.; Bowman, M.J.) (Docs. 12-14) (same).  Therefore, plaintiff may not be allowed to proceed *in forma pauperis* under the "three-strikes" provision set forth in 28 U.S.C. § 1915(g) with respect to any subsequent complaint filed while he is a prisoner.

114 F.3d 601 (6th Cir. 1997).

                                                                               *s/Stephanie K. Bowman*
                                                                               Stephanie K. Bowman
                                                                               United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DONALD K. MALONE, III,           Case No. 1:17-cv-50
    Plaintiff,

                                                  Black, J.
   vs.                                              Bowman, M.J.

RONALD ERDOS, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc